IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 25-mj-1318-GBW

DISHODA ROZLKOVA,

    Defendant.

**RESPONSE TO GOVERNMENT'S NOTICE OF APPEAL AND OBJECTION TO MAGISTRATE JUDGE'S ORDER OF DISMISSAL**

    **COMES NOW,** Assistant Federal Public Defender Gia McGillivray, counsel of record for the Defendant, Dishoda Rozlkova, and hereby files this Response to Government's Notice of Appeal and Objection to Magistrate Judge's Order of Dismissal and moves the Court for an Order regarding Defendant's response deadline, if any, to the Government's Notice of Appeal and Objection to Magistrate Judge's Order of Dismissal, filed May 28, 2025 ("Combined Notice of Appeal and Objection"). (Doc. 6.)

    The Government charged Ms. Rozlkova with three misdemeanor offenses by complaint on May 8, 2025. (Doc. 1.) Ms. Rozlkova was set for initial appearance on May 8, 2025. (Doc. 2.) The Federal Public Defender handling initial appearances that day moved to dismiss all charges pursuant to 50 USC § 797 and 18 USC § 1382 ("the trespassing charges") for each defendant scheduled that day. These were two of the

three charges alleged in Ms. Rozlkova's complaint. (Doc. 1.) The Court held the motion in abeyance.

Ms. Rozlkova's initial appearance could not take place as scheduled because no interpreter was available for Ms. Rozlkova, who speaks Uzbek. (*Id.*) On May 19, 2025, this Court dismissed the two trespassing charges in Ms. Rozlkova's complaint for lack of probable cause. (Doc. 4.) By information and belief, after a Court finding of no probable cause, the Government promptly filed an information against most defendants whose trespassing charges were dismissed. The Government did not file an information in Ms. Rozlkova's case, and her initial appearance was rescheduled for May 29, 2025. (Doc. 5.)

On May 28, 2025, the United States Attorney for the District of New Mexico, Ryan Ellison, filed the Combined Notice of Appeal and Objection to the Court's finding that probable cause did not support the trespassing charges.[1] (Doc. 6.) The Combined Notice of Appeal and Objection cites only the following caselaw to support the proposition that the Government has the right to appeal a federal magistrate judge's probable cause determination:

> A charging instrument is generally "sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *see also United States v. DeLeon*, 287 F. Supp. 3d 1175, 1184-85 (D.N.M. 2017) ("The Federal Rules of Criminal Procedure contain no analogue to summary judgment under

---

[1] According to CM/ECF, the attorney of record in this case is Jackson Kemper Dering.

2

> rule 56 of the Federal Rules of Civil Procedure, so the United States does not need to provide pretrial evidentiary support for the Indictment.").

(Doc. 6.)

As of the date of this filing, the Combined Notice of Appeal and Objection does not appear to have been assigned to a district court judge. It is unclear to undersigned counsel whether the District Court has accepted the Combined Notice of Appeal and Objection or determined that the District Court is without jurisdiction to address the Government's filing.

If the District Court determines it has jurisdiction to hear the Government's Combined Notice of Appeal and Objection, undersigned counsel is uncertain whether a response is required and, if so, when it must be filed. The applicable procedures are governed by Local Rule of Criminal Procedure 58.2, which addresses appeals from magistrate judge decisions in misdemeanor and petty offense cases. The rule seems to require that the notice of appeal and any objections be filed separately. It states that "[a]ppellant's brief must be filed and served within fourteen (14) days *after* the filing of the Notice of Appeal." Loc. R. Crim. P. 58.2(a)(emphasis added). If the Government's Combined Notice of Appeal and Objection is assigned to a district court judge, undersigned counsel respectfully requests a written order authorizing the filing of a response and setting a deadline for that response.

/ / /

/ / /

/ / /

/ / /

Wherefore, although, initially, jurisdiction may be in question, should the District Court find that it has jurisdiction to consider the Government's Combined Notice of Appeal and Objection, Ms. Rozlkova respectfully requests a written order permitting her to file a response and establishing a deadline for its submission.

> Respectfully submitted,
> **FEDERAL PUBLIC DEFENDER**
> 506 S Main Street, Suite 400
> Las Cruces, NM 88001
> (575) 527-6930
>
> *Electronically filed (June 2, 2025)*
> By: /s/ Gia McGillivray
> Gia McGillivray
> Assistant Federal Public Defender

## CERTIIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to Assistant United States Attorney Jackson Kemper Dering. On June 2, 2025, I also emailed a PDF copy of this Motion to Ryan Ellison, United States Attorney for the District of New Mexico, who signed the Government's Notice of Appeal and Objection to Magistrate Judge's Order of Dismissal, as it appears Mr. Ellison will not be served through CM/ECF.

> By: /s/ *Gia McGillivray*
> Gia McGillivray
> Assistant Federal Public Defender