IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff**

**v.**  No. 25-MJ-1318

**DISHODA ROZLKOVA,**

    **Defendant.**

### ORDER DISMISSING UNITED STATES' APPEAL

This matter comes before the Court on the United States' appeal of Chief Magistrate Judge Gregory B. Wormuth's dismissal (Doc. 4) of Counts 2 and 3, charging violations of 50 U.S.C. § 797 and 18 U.S.C. § 1382, respectively, of the Complaint in this case. The Court has reviewed the United States' Notice of Appeal (Doc. 6) as well as Defendant's Response (Doc. 9) requesting clarification.

The Defendant's inquiry as to the Court's jurisdiction is well taken. For every appeal, the appellant must establish the authority and jurisdiction of the court to whom it appeals and the finality of the challenged decision. *C.W. ex rel. B.W. v. Denver Cnty. Sch. Dist. No. 1*, 994 F.3d 1215, 1220 (10th Cir. 2021); Fed. R. App. P. 28(a); *see, e.g.*, 18 U.S.C. § 3145 (establishing right to appeal release or detention order by magistrate judge). In the instant appeal, the United States' brief is completely devoid of any legal authority supporting its right to appeal a finding of no probable cause in a criminal complaint. For its part, the Court also finds no support for a right to appeal such a finding. *United States v. Alatorre*, No. 19-mj-102, 2019 WL 1004593, at *4 (D. Minn. Mar. 1, 2019) ("The Court can find no statutory or other basis for its authority to consider an appeal of a magistrate judge's decision to dismiss a complaint and discharge a defendant[.]");

*see also United States v. Edelman*, 809 F. Supp. 431, 432 (E.D. Va. 1992) (finding defendants lacked standing to appeal magistrate judge's dismissal without prejudice of criminal complaints in absence of government instituting any subsequent criminal proceedings). Nor has the United States established that the dismissal it challenges is final for the purpose of appeal. "In criminal cases…the judgment is final for the purpose of appeal when it terminates the litigation between the parties on the merits and leaves nothing to be done but to enforce by execution what has been determined." *Berman v. United States*, 302 U.S. 211, 212–13 (1937) (internal citations omitted). That is not the case here.

Upon a finding that the facts in a criminal complaint do not support a finding of probable case, the magistrate judge "must dismiss the complaint and discharge the defendant." Fed. R. Crim. P. 5.1(f). That language is mandatory, not permissive. Of course, the United States is not without remedy when such a finding of no probable cause is made. If the charge is a felony, the United States may present the charge to the grand jury and attempt to obtain an indictment. *See* Fed. R. Crim. P. 7; *United States v. Kysar*, 459 F.2d 422, 423–24 (10th Cir. 1972). In the instant case, which involves misdemeanors, the United States may simply file an Information and continue the prosecution. *See* Fed. R. Crim. P. 7; Fed. R. Crim. P. 58(b). Indeed, the United States clearly knows how to remedy a magistrate judge's dismissal of a misdemeanor charge in a complaint. One need only review the dockets in *United States v. Victor Manuel Mata-De La Torre*, and *United States v. Jose Domingo Lopez-Mendez*, for two examples among hundreds of identical cases in which the United States filed an Information, reinstating the same charges Judge Wormuth dismissed by individual Memorandum Opinion and Order in each of those cases. *See* Information, *United States v. Mata-De La Torre*, No. 2:25-cr-01440 (D.N.M. May 16, 2025), Dkt. No. 6; Information, *United States v. Lopez-Mendez*, No. 2:25-cr-01434 (D.N.M. May 16, 2025), Dkt.

2

No. 6. Notably, nothing in a magistrate judge's finding that the United States has failed to well plead its charges, and thus establish probable cause, in this or any other complaint undermines the United States' "priorities, sovereignty, or territorial integrity." *See* Doc. 6; Fed. R. Crim. P. 5.1(f).

Finally, it merits mention that despite the United States' performative objections to the advisory opinion it presumed would follow Judge Wormuth's request for briefing, none followed. *See* Objections, *In re Misdemeanor Charges Pursuant to 50 U.S.C. § 797 and 18 U.S.C. § 1382*, No. 2:25-mc-00019-GBW (D.N.M. May 13, 2025), Dkt. No. 7. Apparently failing to appreciate the irony of its own actions, the United States has asked this Court to issue just such an advisory opinion here. This Court will do no such thing.

WHEREFORE as the United States has not established a right to appeal, the appeal is hereby DISMISSED.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE